UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.   3:06cr62/MCR/CJK
 3:12cv403/MCR/CJK

TABITHA DIXON
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 127).  The Government has filed a response and a notice of supplemental authority (docs.129, 131), but Defendant has not filed a reply, despite having been afforded the opportunity to do so (*see* doc. 130).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied as it is both untimely and without merit.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

After waiving her right to be indicted by a grand jury, Defendant pleaded guilty to a two-count information charging her with conspiracy to possess with intent to distribute controlled substances and using and carrying a firearm during and in relation to a drug trafficking crime (docs. 80, 83–86). The court sentenced her to two consecutive terms of 60 months imprisonment, and the clerk entered judgment on August 25, 2006 (docs. 99, 101). Defendant did not appeal, although she filed two unsuccessful motions for a sentence reduction pursuant to 18 U.S.C. § 3582 (*see* docs. 108, 112, 114, 116) before filing a motion to vacate pursuant to 28 U.S.C. § 2255 in August of 2012 (doc. 125). Defendant did not file her motion on the proper court form, and the undersigned directed her to file an amended motion (doc. 126). Defendant's amended motion, in which she raises a single ground for relief, is now before the court. The Government opposes the motion, contending that it is both untimely and without merit.

## LEGAL ANALYSIS

As an initial matter, the court considers the timeliness of Defendant's motion. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's motion, filed nearly six years after her judgment of conviction became final, is facially untimely.  *See Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002); It is also factually without merit.

Defendant claims that she was not a "felon in possession of a firearm" at the time of her conviction, and identifies two seemingly minor prior drug offenses as her only prior convictions[1] (doc. 127 at 4).  The question of whether Defendant was a convicted felon at the time of the offense conduct in this case is irrelevant.  The charges in Count Two of the Information were premised on her knowingly using, carrying or possessing handguns in furtherance of the drug trafficking crime charged in Count One, not her prior criminal history (doc. 80).  A prior felony conviction was not a prerequisite to a conviction on Count Two, and Defendant's claim fails on its merits.

For these reasons, defendant's motion is both untimely, and factually without merit.  No evidentiary hearing is necessary, and Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy

---

[1] Defendant also references a case she identifies only as *United States v. Simmons*.

Case Nos.: 3:06cr62/MCR/CJK; 3:12cv403/MCR/CJK

the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (doc. 127) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of July, 2014.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**